STATE OF MINNESOTA
IN SUPREME COURT
ADM04-8001
ADM09-8009

FILED

June 25, 2014

OFFICE OF
APPELLATE COURTS

ORDER ADOPTING AMENDMENTS TO THE MINNESOTA
GENERAL RULES OF PRACTICE RELATED TO SUBMISSION OF
CONFIDENTIAL INFORMATION

The eCourt Steering Committee has recommended amendments to the Minnesota Rules of Civil Procedure and the General Rules of Practice for the District Courts related to the submission of confidential information in pleadings or other documents filed with the district courts. By order filed March 28, 2014, this court solicited comments on the proposals. The court has reviewed the proposed amendments and the comments and is fully advised in the premises.

IT IS HEREBY ORDERED THAT:

1. The attached amendments to the General Rules of Practice for the District Courts be and the same are hereby adopted effective July 1, 2014, and shall apply to all actions or proceedings pending on the effective date and those filed thereafter.

2. The Advisory Committee on the General Rules of Practice shall review the May 30, 2014, comments submitted by the Hon. Frank Connolly, chair of the Advisory Committee on the Rules of Civil Procedure, and consider adding an admonition and commentary to Minn. Gen. R. Prac. 11 regarding confidential and sensitive information in court filings. The Advisory Committee on the General Rules of Practice is directed to report

to the court, with any proposed comments or other matter in response to Judge Connolly's comment, by December 31, 2014.

3.    The Advisory Committee on the Rules of Civil Procedure shall consider the eCourt Steering Committee's proposed amendments to Minn. R. Civ. P. 5 that were attached to the March 28, 2014, order of this Court, and the comments submitted in response thereto, and shall report to this court on any recommended amendments to the rules by December 31, 2014.

4.    To the extent possible, the advisory committees on the Rules of Civil Procedure and the General Rules of Practice shall keep each other apprised of their efforts relating to Minn. R. Civ. P. 5 and Minn. Gen. R. Prac. 11.

Dated:  June 25, 2014

BY THE COURT:

   /s/                  

Lorie S. Gildea
Chief Justice

Minnesota General Rules of Practice for the District Courts

TITLE I. RULES APPLICABLE TO ALL COURT PROCEEDINGS

RULE 11. Submission of Confidential Information

**Rule 11.01   Definitions**

The following definitions apply for the purposes of this rule:

(a)      "Restricted identifiers" shall mean the <u>following numbers of a party or other person:</u> complete or partial social security number, <u>complete or partial</u> employer identification number, and financial account numbers <u>other than the last four numbers of a financial account number that is not also a social security number</u> ~~of a party or other person~~.

(b)      "Financial source documents" means income tax returns, W-2 forms and schedules, wage stubs, credit card statements, financial institution statements, check registers, and other financial information deemed financial source documents by court order.

**Rule 11.02       Restricted Identifiers**

(a)   Pleadings and Other Documents Submitted by a Party.  No party shall submit restricted identifiers on any pleading or other document that is to be filed with the court except:

> (1)      on a separate form entitled Confidential Information Form (see Form 11.1 as published by the state court administrator) filed with the pleading or other document; or

> (2)      on <u>Confidential</u> ~~Sealed~~ Financial Source Documents under Rule 11.03.

The parties are solely responsible for ensuring that restricted identifiers do not otherwise appear on the pleading or other document filed with the court. The court administrator will not review each pleading or document filed by a party for compliance with this rule. The Confidential Information Form <u>(Form 11.1)</u> shall not be accessible to the public.

(b) Records Generated by the Court. Restricted identifiers maintained by the court in its register of actions (i.e., activity summary or similar information that lists the title, origination, activities, proceedings and filings in each case), calendars, indexes, and judgment docket shall not be accessible to the public. Courts shall not include restricted

identifiers on judgments, orders, decisions, and notices except on the Confidential Information Form (Form 11.1), which shall not be accessible to the public.

## Rule 11.03 ~~Sealing~~ Confidential Financial Source Documents

Financial source documents shall be submitted to the court under a cover sheet designated "Confidential ~~Sealed~~ Financial Source Documents" and substantially in the form set forth as Form 11.2 as published by the state court administrator. Financial source documents submitted with the required cover sheet are not accessible to the public except to the extent that they are admitted into evidence in a testimonial hearing or trial or as provided in Rule 11.05 of these rules. The cover sheet or copy of it shall be accessible to the public. Statements from a permanently closed (also known as "charged off") credit card or financial institution account that has been identified as a closed account in the related pleading need not be submitted as a confidential financial source document under rule 11.03 of these rules unless desired by the filing party or as directed by the court. Financial source documents that are not submitted with the required cover sheet ~~and that contain restricted identifiers~~ are accessible to the public, but the court may, upon motion or on its own initiative, order that any such financial source document be confidential ~~sealed~~.

\* \* \* \*

## Rule 11.05 Procedure for Requesting Access to ~~Sealed~~ Confidential Financial Source Documents

(a) Motion. Any person may file a motion, supported by affidavit showing good cause, for access to Confidential ~~Sealed~~ Financial Source Documents or portions of the documents. Written notice of the motion shall be required.

(b) Waiver of Notice. If the person seeking access cannot locate a party to provide the notice required under this rule, after making a good faith reasonable effort to provide such notice as required by applicable court rules, an affidavit may be filed with the court setting forth the efforts to locate the party and requesting waiver of the notice provisions of this rule. The court may waive the notice requirement of this rule if the court finds that further good faith efforts to locate the party are unlikely to be successful.

(c) Balancing Test. The court shall allow access to Confidential ~~Sealed~~ Financial Source Documents, or relevant portions of the documents, if the court finds that the public interest in granting access or the personal interest of the person seeking access outweighs the privacy interests of the parties or dependent children. In granting access the court may impose conditions necessary to balance the interests consistent with this rule court.